# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| THIELE KAOLIN COMPANY, a Georgia Corporation, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION NO. 5:10-CV-218(MTT) ) |
| BNSF RAILWAY COMPANY, a Delaware Corporation, | ) ) ) |
| Defendant. | ) ) |

## ORDER

This matter is before the Court on the Motion to Strike, Sever, or Try the Third-Party Complaint Separately (Doc. 20) (the "Motion") filed by the Plaintiffs, Thiele Kaolin Company ("Thiele") and KaMin LLC. For the following reasons, the Motion is denied.

The Plaintiffs are two companies involved in the extraction and sale of kaolin clay To transport this clay to their customers throughout the United States and abroad, and due to a lack of railway cars available from railway transportation companies, the Plaintiffs have purchased or leased close to 1000 railway cars specifically designed to transport kaolin clay. By using their own railway cars to transport clay to their customers, the Plaintiffs become entitled by statute to mileage allowances. These allowances are typically owed by the railway companies that transport the clay.

Here, UPM-Kymmene, Inc. ("UPM") for several years purchased from the Plaintiffs kaolin clay extracted at the Plaintiffs' Sandersville, Georgia, facilities. The Plaintiffs sold the clay FOB Sandersville and UPM arranged to have it delivered via

railroad to its facility in Grand Rapids, Minnesota, using the Plaintiffs' railway cars. According to the terms of the agreement, the Plaintiffs were to make the cars available and load them with the kaolin. UPM was to have the loaded cars transported to Grand Rapids at their expense and instruction. Pursuant to the arrangements made by UPM, the loaded cars travelled to Grand Rapids via the Sandersville Railroad (Sandersville to Tennille, Georgia), the Norfolk Southern Railway Company (Tennille to Chicago, Illinois), and BNSF Railway Company (Chicago to Grand Rapids).

According to the Plaintiffs' Complaint, the railway companies' use of the Plaintiffs' privately owned/leased cars entitles the Plaintiffs to compensation for mileage allowances under 49 U.S.C. §§ 11121-11122 and the 1986 compensation prescription order used by the Interstate Commerce Commission. While conducting a routine audit of their records, the Plaintiffs discovered that BNSF failed to fully credit the Plaintiffs for mileage allowances they were statutorily entitled to. The Plaintiffs subsequently submitted claims for mileage allowances to BNSF, Thiele for $137,935.08 and KaMin for $262,137.77, all of which BNSF denied.

The Plaintiffs filed this suit against BNSF to recover their mileage allowances (with interest) and attorneys' fees. BNSF answered and timely filed against UPM a Third-Party Complaint, pursuant to Fed. R. Civ. P. 14. According to the Third-Party Complaint, UPM and BNSF entered a transportation contract, pursuant to which BNSF agreed to transport kaolin clay to UPM's Grand Rapids facility for a fixed rate. UPM would be responsible for the payment of private car mileage allowances over the fixed rate. According to the contract:

> Shipper will, and BNSF will not, be liable for mileage allownaces in
> excess of the above obligation. In the event that a party other than

> the shipper using these rates submits a claim to railroad for mileage
> allowance payments in excess of BNSF's obligation under this
> tariff, shipper shall, at BNSF's option, either (1) release, defend and
> indemnify BNSF from said claim including attorney's fees and cost
> of litigation, or (2) reimburse BNSF for excess mileage allowance
> paid by BNSF within thirty (30) days of notice by BNSF.

BNSF, contending that UPM must indemnify it for any settlement or judgment, filed a Third-Party Complaint against UPM.

In response to the Third-Party Complaint, UPM filed a Motion to Dismiss, arguing that UPM lacked sufficient contacts with Georgia for this Court to exercise personal jurisdiction over UPM. That motion is currently under consideration.

The Plaintiffs then filed this Motion, asking the Court to strike, sever or try separately the Third-Party Complaint. According to the Plaintiffs, trying its claims against BNSF together with BNSF's indemnity claims against UPM will lead to a substantial delay and a complication of the issues, both of which will prejudice the Plaintiffs. The Plaintiffs believe they will primarily be prejudiced by delay regarding the resolution of personal jurisdiction issues and by the potential transfer of this case to the Surface Transportation Board ("STB"). BNSF responds that its claim against UPM is a typical indemnity action that is usualy dealt with in third-party claims; that the Plaintiffs will not be prejudiced by adjudication of the personal jurisdiction issue, as demonstrated by the fact that discovery is progressing; that there is likely no basis for a referral to the STB; and that the Plaintiffs' request is premature.

The Court agrees with BNSF. First, BNSF's claims against UPM are appropriate subjects of a third-party complaint and the issues in the two complaints are so intertwined that they should be heard together. Next, the Plaintiffs are unable to

demonstrate any real prejudice they will experience in this early stage of the litigation if the claims proceed as currently pled.  Nothing about BNSF and UPM's dispute regarding personal jurisdiction would prohibit the Plaintiffs from continuing with discovery and preparing for trial.  Additionally, as BNSF notes, it intends to submit a potentially dispositive motion for summary judgment—meaning that if the third-party case is delayed by UPM's motion to dismiss, the third-party case will be allowed to "catch up" to the Plaintiffs' case, assuming the Court denies BNSF's motion for summary judgment.  Moreover, the threat of a transfer to the STB at this point is far too speculative to justify this Court using its discretion to sever the case.

In short, there is no substantial reason to sever the case at this point.  Therefore, the Motion (Doc. 20) is **DENIED**.  However, this denial is, in essence, a denial without prejudice.  Should the Plaintiffs believe, farther into the litigation process, that severance is still appropriate, the Court will again entertain a motion to sever.

**SO ORDERED,** this the 23RD day of December, 2010.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

jch